UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BATSHEVA SHOHAM<br>Individually and as administrator to:<br>Estate of Yehuda Shoham<br><br>          Plaintiff,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>          Defendants. | Civil Action No. 12-508 (RCL) |

## ORDER

Plaintiff Batsheva Shoham has moved for an order directing the Clerk to enter Rule 55(a) default against Bank Saderat for failure to appear or plead in response to the Complaint. ECF No. 63. Shoham states in support of her motion that she has properly served the bank and that over 60 days have passed since service.

The Court previously authorized substitute service on Bank Saderat pursuant to 28 U.S.C. § 1608(b). Specifically, the Court permitted service by the Clerk of the Court sending a summons and copy of the complaint in English and Farsi to the bank. The Court ordered the use of one of three courier services. The relevant one given the present facts is Federal Express International Priority. Service was permitted to be made at one of two addresses. The relevant address is PO Box 15745-631, 16 rue de la Paix, Paris 75002, France.

Shoham's service on Bank Saderat was sufficient to provide it notice of the pendency of this case. The Clerk sent the required documents to an address authorized by the Court for service on the bank. The documents were sent by a method of service that included tracking service and delivery signature confirmation. While the name of the individual served is not provided on the receipt submitted by Shoham, the document does indicate that the complaint was delivered to the

"Receptionist/Front Desk." ECF No. 63-3. This is confirmed by this person's signature on the FedEx receipt. *Id.* Also, although Shoham used FedEx's International Economy service rather than the International Priority service prescribed by the Court's prior Order, the difference between the services is not relevant to the essential requirement that the Court be able to verify that the defendant has notice of these proceedings. Shoham has submitted sufficient evidence of service on Bank Saderat. *See Doe I v. State of Israel*, 400 F. Supp. 2d 86, 102 (D.D.C. 2005) (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994)) (section 1608(b) is satisfied "as long as the defendants receive adequate notice of the suit and are not prejudiced").

Finally, because Shoham served Bank Saderat well over 60 days ago, entry of default is proper. *See* 28 U.S.C. § 1608(d) (an agency or instrumentality of a foreign state must respond to a complaint within sixty days after service made).

In light of the foregoing, it is hereby

**ORDERED** that plaintiff's motion [ECF No. 63] is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall enter a default against Bank Saderat pursuant to Federal Rule of Civil Procedure 55(a).

**SO ORDERED.**

Signed by Royce C. Lamberth, United States District Judge, on April 8, 2015.